UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| WILLIAM L. RIFFEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos. 1:07-CR-6-CLC-SKL-1 |
| | ) | 1:16-CV-242-CLC |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

Presently before the Court are a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 and a supplemental § 2255 motion filed by William L. Riffey ("Petitioner") which challenge his enhanced sentence as an armed career criminal under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015).[1] In light of both *Johnson* and the recent *en banc* decision of the Sixth Circuit Court of Appeals in *United States v. Stitt*, 860 F.3d 854 (6th Cir. 2017), it now is undisputed that Petitioner no longer qualifies as an armed career criminal under the ACCA. Accordingly, Petitioner's § 2255 motion [Doc. 37] and supplemental § 2255 motion [Doc. 39] will be **GRANTED.**

**I. BACKGROUND**

On January 9, 2007, a grand jury sitting in the Eastern District of Tennessee returned a three-count indictment against Petitioner charging him at Count One with possession of firearms

---

[1] The Supreme Court has determined that *Johnson*, which invalidated the residual clause of the ACCA as unconstitutionally vague, announced a new "substantive rule that has retroactive effect in cases on collateral review." *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016); *see also In Re Watkins*, 810 F.3d 375, 381-85 (6th Cir. 2015).

by a convicted felon, in violation of 18 U.S.C. § 922(g)(1); at Count Two with conspiracy to distribute and possess with intent to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A); and at Count Three with possession with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) [Doc. 8]. On April 11, 2007, Petitioner entered a plea of guilty as to Counts One, Two and Three [Doc. 15].

The presentence investigation report ("PSIR") identified three previous convictions for a violent felony, committed on occasions different from one another, that qualified Petitioner as an armed career criminal under the ACCA: (1) an April 3, 1983, conviction for sexual battery in the Bledsoe County, Tennessee, Criminal Court [PSIR ¶ 39]; (2) an October 25, 1989, conviction for battery on a law enforcement officer in the Duval County, Florida, Circuit Court [PSIR ¶ 40]; and (3) an October 2, 1995, conviction for aggravated burglary in the Bradley County, Tennessee, Criminal Court [PSIR ¶ 41]. As an armed career criminal, Petitioner was subject to a statutory mandatory minimum sentence of 15 years to a maximum of life on Count One[2] and his advisory guideline sentencing range under the United States Sentencing Guidelines ("USSG") was 235 to 293 months [PSIR ¶¶ 67, 69].

On August 23, 2007, Petitioner was sentenced to a term of imprisonment of 168 months on each of Counts One, Two and Three of the indictment, all to be served concurrently, and a term of supervised release of three years on each of Counts One, Two and Three of the indictment, all to run concurrently [Doc. 25]. Petitioner did not file a direct appeal.

---

[2] The authorized statutory term of imprisonment on Count Two of the indictment was not less than 10 years to a maximum of life and the authorized statutory term of imprisonment on Count Three was not more than 20 years [PSIR ¶ 67].

On June 22, 2016, Petitioner filed a pro se § 2255 motion challenging his armed career criminal status based on the Supreme Court's invalidation of the ACCA residual clause in *Johnson* [Doc. 37]. On June 27, 2016, Petitioner, through court-appointed counsel, filed a supplemental § 2255 motion expounding upon the *Johnson* claim [Doc. 39].

The government's motion to defer ruling on Petitioner's motions pending an *en banc* decision from the Sixth Circuit in *United States v. Stitt*, 646 F. App'x 454 (6th Cir. 2016), was granted by the Court on March 21, 2017 [Doc. 50]. On June 27, 2017, the Sixth Circuit issued its *en banc* decision in *Stitt* holding that a conviction of aggravated burglary under Tennessee law does not qualify as a violent felony predicate offense under the ACCA. *Stitt*, 860 F.3d at 856.

On July 20, 2017, the parties filed a joint status report agreeing that petitioner no longer qualifies as an armed career criminal in light of *Johnson* and *Stitt* [Doc. 52].

## II. ANALYSIS

### A. TIMELINESS

Section 2255(f) places a one-year period of limitation on all petitions for collateral relief under § 2255 which runs from the latest of: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or, (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).

Claims based on the Supreme Court's opinion in *Johnson* satisfy the third sub-category – the assertion of a newly recognized right made retroactively applicable to cases on collateral review. *Welch*, 136 S. Ct. at 1268 (*Johnson* constitutes a new substantive rule of constitutional law made retroactively applicable on collateral review); *In Re Watkins*, 810 F.3d at 381–85. The one-year limitation period for filing a motion to vacate based on a right newly recognized by the Supreme Court runs from the date on which the Supreme Court initially recognized the right asserted, not from the date on which the right asserted was made retroactively applicable. *Dodd v. United States*, 545 U.S. 353, 357 (2005). Accordingly, *Johnson* triggered a renewed one-year period of limitation beginning on the date of that decision, June 26, 2015, and running until June 26, 2016.

In this case, Petitioner filed his pro se § 2255 motion raising a *Johnson* claim on June 22, 2016, which falls safely within the one-year window for requesting collateral relief under *Johnson*.

### B. STANDARD OF REVIEW

To obtain relief under 28 U.S.C. § 2255, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *McPhearson v. United States*, 675 F.3d 553, 558–59 (6th Cir. 2012) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

### C. PETITIONER'S *JOHNSON* CLAIM

A felon who possesses a firearm normally faces a maximum penalty of 10 years' imprisonment, 18 U.S.C. § 924(a)(2), and 3 years' supervised release, 18 U.S.C. §§ 3559(a)(3) and 3583(b)(2). However, if that felon possesses the firearm after having sustained three prior convictions "for a violent felony or serious drug offense, or both," the ACCA requires a 15 year minimum sentence, 18 U.S.C. § 924(e)(1), and increases the maximum supervised release term to 5 years, 18 U.S.C. §§ 3559(a)(1) and 3583(b)(1). The ACCA defines a "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that: (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves use of explosives" (the "enumerated-offense clause"); or, (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B).

In *Johnson*, the Supreme Court determined that the residual clause of the ACCA is unconstitutionally vague and concluded "that imposing an increased sentence under the residual clause . . . violates the Constitution's guarantee of due process." 135 S. Ct. at 2563. *Johnson* did not automatically invalidate all ACCA sentences, however, emphasizing that its holding "d[id] not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." *Id.*; *see also United States v. Kemmerling*, 612 F. App'x 373, 376 (6th Cir. 2015) (explicitly finding that *Johnson* did not affect the ACCA's use-of-physical-force clause). Thus, under *Johnson*, an ACCA sentence only raises due process concerns, and thus is invalid, if it necessarily was based on predicate violent felonies that qualified as such only under the ACCA's residual clause.

In this case, one of Petitioner's three predicate offenses was a conviction for aggravated burglary in violation of Tenn. Code. Ann. § 39-14-403 [PSIR ¶ 41]. Petitioner contends, *inter alia*, that aggravated burglary could qualify as a predicate offense only under the stricken residual clause of the ACCA. In response, the government initially cited then-binding Sixth Circuit precedent holding that a conviction for aggravated burglary under the Tennessee statute qualifies as an ACCA predicate under the enumerated-offense clause. *United States v. Nance*, 481 F.3d 882, 888 (6th Cir. 2007).

However, in the *en banc Stitt* decision, the Sixth Circuit overruled *Nance* and expressly held that aggravated burglary is not a violent felony for purposes of the ACCA. 860 F.3d at 860–61. Applying a categorical approach, the Court determined that the Tennessee aggravated burglary statute "sweeps more broadly than generic burglary" and thus cannot qualify as a violent felony under the enumerated-offense clause. *Id*. at 861. Because the statute categorically is not a violent felony, and also is indivisible, the Sixth Circuit concluded that a conviction under the Tennessee aggravated burglary statute does not count as a violent felony under the ACCA. *Id*. at 862.

Because a conviction for aggravated burglary does not qualify as a violent felony under the first two clauses of § 924(e)(2)(B),[3] and *Johnson* invalidated the residual clause, Petitioner's aggravated burglary conviction under the Tennessee statute can no longer be used as a predicate offense under the ACCA. Furthermore, absent that conviction, Petitioner no longer has the requisite three prior convictions for a violent felony or a serious drug offense necessary to subject him to the ACCA's enhanced penalties.

---

[3] The parties acknowledge that aggravated burglary does not have as an element the use, attempted use or threatened use of force and therefore cannot qualify as a violent felony under the "use-of-physical-force" clause of the ACCA [Doc. 52 p. 2].

Accordingly, the *Johnson* and *Stitt* decisions dictate that Petitioner no longer can be designated an armed career criminal under § 924(e). As a result, the 168-month term of imprisonment imposed by the Court at Count One exceeds the maximum authorized sentence of not more than 10 years' imprisonment for a non-ACCA offender convicted of a violation of § 922(g)(1). *See* 18 U.S.C. § 924(a)(2). Under these circumstances, the Court finds a clear entitlement to § 2255 relief, as Petitioner has been subjected on Count One to "a sentence imposed outside the statutory limits." *McPhearson*, 675 F.3d at 559.

Where a § 2255 claim has merit, a district court "shall vacate and set the judgment aside" and, "as may appear appropriate," shall either "discharge the prisoner or resentence him or grant a new trial or correct the sentence." 28 U.S.C. § 2255(b); *see also Ajan v. United States*, 731 F.3d 629, 633 (6th Cir. 2013). In this case, Petitioner already has served approximately 127 months in prison [Doc. 52 p. 2]. The parties thus submit that the appropriate relief would be to correct Petitioner's incarceration sentence to time served on Count One of the indictment and to reduce Petitioner's sentence on each of Counts Two and Three of the indictment to a term of imprisonment of 149 months [*Id*. p. 3].[4] The Court agrees that a corrected sentence is the most appropriate form of relief in this case and finds the parties' proposal to be reasonable. An order to that effect will enter accordingly.

---

[4] Petitioner's armed career criminal status had no impact on his total offense level under the USSG but did increase his criminal history category from V to VI, which, with a total offense level of 33, resulted in an advisory guideline sentencing range of 235 to 293 months [PSIR ¶¶ 48, 69]. Without the ACCA enhancement, Petitioner's advisory guideline sentencing range would have been 210 to 262 months at the time of his original sentencing. Petitioner's original sentence of 168 months on each count reflected a 29 % reduction from the low end of the original armed career criminal advisory guideline sentencing range, and the parties have agreed that a commensurate 29 % reduction from 210 months, the low end of the non-ACCA advisory guideline sentencing range that would have applied at the time of his original sentencing, to 149 months would be an appropriate sentence for Petitioner's controlled substance offenses in this case.

## III. CONCLUSION

For the reasons set forth herein, the Court finds that Petitioner is entitled to relief under § 2255 and will grant his § 2255 motion [Doc. 37] and supplemental § 2255 motion [Doc. 39]. Since Petitioner already has served approximately 127 months in prison, a total exceeding the ten-year custodial maximum applicable to him post-*Johnson* for a violation of 18 U.S.C. § 922(g)(1), the parties have agreed that a reduction in Petitioner's custodial sentence to time served on Count One of the indictment and to 149 months on each of Counts Two and Three of the indictment, to be served concurrently, would be the appropriate form of relief in this case [Doc. 52 p. 3]. The proposed sentence of 149-months' imprisonment on each of Counts Two and Three represents a 29-percent reduction from the low end of the advisory guideline sentencing range that would have applied to Petitioner as a non-ACCA offender at the time of his original sentencing and is commensurate with the 29-percent reduction the Court previously granted Petitioner from the low end of the advisory guideline range that applied to him as an armed career criminal at the time of his original sentencing.

Upon consideration of the factors set forth in 18 U.S.C. § 3553(a), the Court is satisfied that such a sentence is sufficient but not greater than necessary to achieve the statutory purposes of sentencing set forth in § 3553(a)(2), and, therefore, will correct and reduce Petitioner's term of imprisonment to a sentence of "time served" on Count One of the indictment and to a term of imprisonment of 149 months on each of Counts Two and Three of the indictment, to be served concurrently. In all other respects, the Judgment imposed on August 23, 2007 [Doc. 25], shall remain in full force and effect.

**AN APPROPRIATE ORDER WILL ENTER.**

/s/_____
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**